UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON M. MALIK,

        *Plaintiff,*

v.

D&W AWNING & WINDOW CO.,

        *Defendant.*
_____/

Case No. 1:22-cv-10664
District Judge Terrence G. Berg
Magistrate Judge Patricia T. Morris

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

For the following reasons, I **RECOMMEND** that the Court **DENY** as **MOOT** Defendants Muller, Muller, Richmond & Harms, P.C and Michael S. Muller's Motion to Dismiss. (ECF No. 15).

**II.  REPORT**

On March 28, 2022, *pro se* Plaintiff Jason M. Malik filed the present complaint, alleging violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*; the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.,* and related sate law claims. On April 19, 2022, Defendants Muller, Muller, Richmond & Harms, P.C. and Michael S. Muller ("The Muller Defendants") filed a motion to dismiss the claims against them under Fed. R. Civ. P. 12(b)(6). (ECF No. 15). On June 24, 2022, parties stipulated to the dismissal of the Muller Defendants with prejudice. (ECF No. 34).

1

"[A] dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is 'presumptively with prejudice.'" *Bostic v. Michael Andrews & Assocs., LLC*, No. 21-CV-10419, 2021 WL 4889591, at *9 (E.D. Mich. Oct. 19, 2021) (Borman, J.) (quoting *Pratt v. Ventas, Inc.*, 365 F.3d 514, 523 (6th Cir. 2004)). The stipulated order of dismissal with prejudice accords these Defendants the relief sought in their motion to dismiss. Their motion to dismiss is therefore moot.

### III. CONCLUSION

I **RECOMMEND** that the Court **DENY** as **MOOT** Defendants Muller, Muller, Richmond & Harms, P.C and Michael S. Muller's Motion to Dismiss.

### IV. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d

1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 1, 2022               S/ PATRICIA T. MORRIS
                                   Patricia T. Morris
                                   United States Magistrate Judge